IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOHN COULTAS,** **#Y57710,** | |
| Plaintiff, | |
| v. | Case No. 24-cv-01650-SPM |
| **LATOYA HUGHES,** *et al.*, | |
| Defendants. | |

# ORDER OF DISMISSAL

**MCGLYNN, District Judge:**

Plaintiff John Coultas commenced this action by filing a complaint pursuant to 42 U.S.C. §1983 (Doc. 1). Upon filing, Plaintiff was ordered to pay the filing fee of $405.00 or submit a motion to proceed without prepayment (IFP) of the filing fee by August 1, 2024. (Doc. 2). Plaintiff was warned that failure to pay the fee in full or submit the motion to proceed IFP by the deadline would result in dismissal of his case without prejudice for failure to prosecute. (*Id.*). Plaintiff missed the deadline, and the Court entered an order giving Plaintiff and extension. (Doc. 6). He had until September 3, 2024, to pay the filing fee or fila a motion for leave to proceed IFP. Again, Plaintiff was instructed that failure to comply with the Court's order would result in dismissal this case. (*Id.*).

To date, Plaintiff has failed to pay the filing fee and has not requested an extension of the deadline for doing so. Therefore, this action is **DISMISSED** without prejudice for failure to comply with an order of this Court and for failure to prosecute claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $405.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal in forma pauperis. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to enter judgment and close this case.

**IT IS SO ORDERED.**

**DATED:   September 20, 2024**

　　　　　　　　　　　　　　　　　　　　　　　　　*s/Stephen P. McGlynn*
　　　　　　　　　　　　　　　　　　　　　　　　**STEPHEN P. MCGLYNN**
　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**